Debbie P. Kirkpatrick, Esq. (SBN 207112)
Damian P. Richard, Esq. (SBN 262805)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:   619/758-1891
Fax:   619/296-2013
dkirkpatrick@sessions.legal
drichard@sessions.legal

Attorney for Defendant Phillips & Cohen Associates, Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSY ZAKLIT AND ALFRED ZAKLIT, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>                    Plaintiffs,<br><br>     vs.<br><br>PHILLIPS & COHEN ASSOCIATES, LTD.,<br><br>                    Defendant. | Case No.  15-cv-01432 DSF-KK<br><br>ANSWER OF DEFENDANT PHILLIPS & COHEN ASSOCIATES, LTD. TO CLASS ACTION COMPLAINT |

Defendant Phillips & Cohen Associates, Ltd. ("PCA"), appearing for itself alone, hereby answers the Complaint of plaintiffs Jessy Zaklit and Alfred Zaklit, as follows:

## Introduction

1.     PCA denies the allegations contained in ¶ 1.

2.     PCA denies the allegations contained in ¶ 2.

3.     PCA avers that the FTC report cited in ¶ 3 speaks for itself and refers all matters of law to the Court.  PCA denies any liability, wrongdoing or violation of law to the extent alleged in ¶ 3.

4.     PCA avers that the consent decree involving third parties cited in ¶ 4 speaks for itself and refers all matters of law to the Court.  PCA denies any liability, wrongdoing or violation of law to the extent alleged in ¶ 4.

5.     PCA denies the allegations contained in ¶ 5.

6.     PCA avers that the FTC report and case authority cited in ¶ 6 speaks for itself and refers all matters of law to the Court.  PCA denies any liability, wrongdoing or violation of law to the extent alleged in ¶ 6.

7.     PCA denies the allegations contained in ¶ 7.

8.     PCA avers that the statutes cited in ¶ 8 speak for themselves and refers all matters of law to the Court.  PCA denies any liability, wrongdoing or violation of law to the extent alleged in ¶ 8.

## Jurisdiction and Venue

9.     PCA avers the allegations contained in ¶ 9 are legal conclusions to

which no response is required.  To the extent a response is required, PCA admits the Court has subject matter jurisdiction.

10.     PCA avers the allegations contained in ¶ 10 are legal conclusions to which no response is required.  To the extent a response is required, PCA admits that venue is proper.

### The Parties

11.     PCA avers the allegations contained in ¶ 11 are legal conclusions to which no response is required.  To the extent a response is required, PCA lacks sufficient information to form a belief as to the truth of the matters alleged in ¶ 11 and based thereon denies the same.

12.     PCA avers the allegations contained in ¶ 12 are legal conclusions to which no response is required.  To the extent a response is required, PCA admits that its primary business is providing debt collection related services.   Except as expressly admitted, PCA denies the remaining allegations contain in ¶ 12.

13.     PCA avers the allegations contained in ¶ 13 are legal conclusions to which no response is required.  To the extent a response is required, PCA lacks sufficient information to form a belief as to the truth of the matters alleged in ¶ 13 and based thereon denies the same.

## **Factual Allegations**

14.     In response to ¶ 14, PCA admits its account records reflect that correspondence was sent to Plaintiff Jessy Zaklit on or about February 16, 2015 and to Plaintiff Alfred Zaklit on or about April 14, 2015.

15.     In response to ¶ 15, PCA admits its account records reflect that correspondence was sent to Plaintiffs that included the stated content.  Except as expressly admitted, PCA denies the remaining allegations contain in ¶ 15.

16.     In response to ¶ 16, PCA admits its account records reflect that correspondence was sent to Plaintiff Jessy Zaklit that included the stated content and correspondence was sent to Plaintiff Alfred Zaklit that included content substantially similar to the stated content.  Except as expressly admitted, PCA denies the remaining allegations contain in ¶ 16.

17.     In response to ¶ 17, PCA admits its account records reflect that correspondence was sent to Plaintiffs.  PCA avers the original of such correspondence is the best evidence of its content.  Except as expressly admitted, PCA denies the remaining allegations contained in ¶ 17.

18.     In response to ¶ 18, PCA admits its account records reflect that correspondence was sent to Plaintiffs.  PCA avers the original of such

correspondence is the best evidence of its content.  Except as expressly admitted, PCA denies the remaining allegations contained in ¶ 18.

19.     In response to ¶ 19, PCA admits its account records reflect that correspondence was sent to Plaintiffs.   PCA avers the original of such correspondence is the best evidence of its content.  Except as expressly admitted, PCA denies the remaining allegations contained in ¶ 19.

20.     PCA lacks sufficient information to form a belief as to the truth of the matters alleged in ¶ 20 and based thereon denies the same.

### Class Allegations

21.     PCA admits that plaintiffs bring this lawsuit on behalf of themselves and on behalf of a class as alleged in ¶ 21 of the Complaint, but denies that this lawsuit meets the requirements of a class action.

22.     PCA admits that plaintiffs bring this lawsuit on behalf of themselves and on behalf of a class as alleged in ¶ 22 of the Complaint, but denies any wrongdoing or liability to the extent alleged in ¶ 22 and subparagraphs a. through d., inclusive, and further denies that this lawsuit meets the requirements of a class action.

23.     PCA denies the allegations contained in ¶ 23.

24.    PCA admits that plaintiffs bring this lawsuit on behalf of themselves and on behalf of a class as alleged in ¶ 24 of the Complaint, but denies the allegations contained in ¶ 24 and further denies that this lawsuit meets the requirements of a class action.

25.    PCA admits that plaintiffs bring this lawsuit on behalf of themselves and on behalf of a class as alleged in ¶ 25 of the Complaint, but denies that this lawsuit meets the requirements of a class action.

26.    PCA admits that plaintiffs bring this lawsuit on behalf of themselves and on behalf of a class as alleged in ¶ 26 of the Complaint, but denies the allegations contained in ¶ 26 and further denies that this lawsuit meets the requirements of a class action.

27.    PCA admits that plaintiffs bring this lawsuit on behalf of themselves and on behalf of a class as alleged in ¶ 27 of the Complaint, but denies the allegations contained in ¶ 27 and subparagraphs a through c., inclusive, and further denies that this lawsuit meets the requirements of a class action.

28.    PCA denies the allegations contained in ¶ 28.

29.    PCA denies the allegations contained in ¶ 29.

30.    PCA admits that plaintiffs bring this lawsuit on behalf of themselves and on behalf of a class as alleged in ¶ 30 of the Complaint, but denies the

allegations contained in ¶ 30 and further denies that this lawsuit meets the requirements of a class action.

31.    PCA lacks sufficient information to form a belief as to the truth of the matters alleged in ¶ 31 but admits the same unless otherwise established.

32.    PCA admits that plaintiffs bring this lawsuit on behalf of themselves and on behalf of a class as alleged in ¶ 32 of the Complaint, but denies the allegations contained in ¶ 32 and further denies that this lawsuit meets the requirements of a class action.

33.    PCA denies the allegations contained in ¶ 33.

### First Cause of Action:
### Fair Debt Collection Practices Act

34.    In response to ¶ 34, PCA incorporates its responses contained in the preceding paragraphs as though fully set forth herein.

35.    PCA avers that the statute cited in ¶ 35 speaks for itself and refers all matters of law to the Court, but otherwise denies the allegations contained in ¶ 35.

36.    PCA avers that the statute cited in ¶ 36 speaks for itself and refers all matters of law to the Court, but otherwise denies the allegations contained in ¶ 36.

37.    PCA avers that the statute cited in ¶ 37 speaks for itself and refers all matters of law to the Court, but otherwise denies the allegations contained in ¶ 37.

38.   PCA avers that the statute cited in ¶ 38 speaks for itself and refers all matters of law to the Court, but otherwise denies the allegations contained in ¶ 38.

39.   PCA avers that the statute cited in ¶ 39 speaks for itself and refers all matters of law to the Court, but otherwise denies the allegations contained in ¶ 39.

40.   PCA denies the allegations contained in ¶ 40.

41.   PCA denies plaintiffs or the putative class are entitled to the relief requested in the Prayer for Damages, subparagraphs a. through f., inclusive.

## Second Cause of Action:
## Rosenthal Fair Debt Collection Practices Act

42.   In response to ¶ 41, PCA incorporates its responses contained in the preceding paragraphs as though fully set forth herein.

43.   PCA avers that the statute cited in ¶ 42 speaks for itself and refers all matters of law to the Court.

44.   PCA denies the allegations contained in ¶ 43.

45.   PCA denies the allegations contained in ¶ 44.

46.   PCA denies plaintiffs or the putative class are entitled to the relief requested in the Prayer for Damages, subparagraphs a. through f., inclusive.

///

///

///

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

PCA alleges plaintiffs' Complaint should be dismissed because it fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

As a second affirmative defense, PCA alleges, pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such error.

## THIRD AFFIRMATIVE DEFENSE

As a third affirmative defense, PCA alleges, pursuant to California Civil Code § 1788.30(e), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such violation.

## FOURTH AFFIRMATIVE DEFENSE

As a fourth affirmative defense, PCA alleges plaintiffs knowingly and voluntarily waived their rights to obtain any or all of the relief sought in the complaint.

WHEREFORE, PCA respectfully requests that:

1.      Plaintiffs take nothing by way of their Complaint;

2.      Judgment of dismissal be entered in favor of PCA;

3.      PCA be awarded costs and attorney's fees it has incurred in defending this lawsuit;

4.      PCA be granted such other and further relief as the Court deems just and proper.

Dated: 11/16/15                     SESSIONS FISHMAN, NATHAN & ISRAEL, L.L.P.


                                     _/s/Debbie P. Kirkpatrick_____
                                     Debbie P. Kirkpatrick
                                     Attorneys for Defendant
                                     Phillips & Cohen Associates, Ltd.